

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | Criminal Action No.: 3:20-38-MGL-1 |
| | § | |
| RA'QUAN RASHEEM WILLIAMS, | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

## I.    INTRODUCTION

Pending before the Court is Defendant Ra'Quan Rasheem Williams's motion for compassionate release.  Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

Williams pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).

At sentencing, Williams received a total offense level of twenty-five and a criminal history category of V.  Together, this meant his Guideline range was 100 to 125 months of imprisonment. The Court thus sentenced him to 100 months, followed by three years of supervised release.  He has a projected release date of September 14, 2027.

Williams recently filed this motion for compassionate release. The government responded, and Williams filed a reply to the response. Having been fully briefed on the relevant issues, the Court will now adjudicate the motion.

## III.    STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024).

"First, the [C]ourt must determine [if the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)). In doing so, the Court considers whether the extraordinary and compelling reasons set forth by the defendant are "consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The relevant policy statement identifies six circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related thereto; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer; (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity to" the circumstances enumerated in paragraphs (1) through (4); and (6) in certain scenarios, where the defendant has received an unusually long sentence. U.S. Sent'g Guidelines Manual (U.S.S.G.) § 1B1.13(b) (U.S. Sent'g Comm'n 2024).

2

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a))] sentencing factors support relief." *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023)). !!"District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release." *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

## IV.     DISCUSSION AND ANALYSIS

As a preliminary matter, the government acknowledges Williams has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [(BOP)] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court will thus turn to the merits of his motion.

### A.     *Whether Williams presents extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)*

Williams asserts the enactment of Amendment 829 to the Guidelines is an extraordinary and compelling reason for compassionate release. He evidently relies on U.S.S.G. § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least [ten] years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Even assuming Williams received an unusually long sentence, he has yet to serve at least ten years of his sentence. This alone renders U.S.S.G. § 1B1.13(b)(6) inapplicable.

Moreover, the effective date of Amendment 829 is November 1, 2024, and the Sentencing Commission has yet to declare it retroactive. *See, e.g.*, *United States v. John*, No. 21-cr-134, 2024 WL 5155627, at *3 (S.D.N.Y. Dec. 18, 2024) ("Amendment 829 is not retroactive."); U.S.S.G. § 1B1.10(d) (neglecting to identify Amendment 829 as a basis for sentence reduction).

As the Court indicated above, U.S.S.G. § 1B1.13(b)(6) provides "amendment[s] to the [U.S.S.G.] that [have] not been made retroactive" fail to constitute a qualifying change in law. U.S.S.G. § 1B1.13(b)(6); *see United States v. Jeanville*, No. 21-20126, 2025 WL 92376, at *3 (S.D. Fla. Jan. 14, 2025) ("[U.S.S.G. § 1B1.13(b)(6)] does not apply to . . . Amendment 829."). It further states, "[e]xcept as provided in subsection (b)(6), a change in the law (including an amendment to the [U.S.S.G.] that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c).

For all these reasons, the Court is unable to conclude Amendment 829 is an extraordinary and compelling reason warranting a sentence reduction.

### B.    *Whether the Section 3553(a) factors weigh in favor of a sentence reduction*

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would nevertheless preclude any reduction in Williams's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable"). These factors include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)    the need for the sentence imposed—
    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)    to afford adequate deterrence to criminal conduct;
    (C)    to protect the public from further crimes by the defendant;

4

(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for [the offense] . . . ;

(5)    any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Williams, a convicted felon, pled guilty to a serious offense. During a property check, he was found to be in possession of a loaded pistol with a partially obliterated serial number, a utility knife, and 0.706 grams of a mixture containing heroin and fentanyl. When Williams attempted to flee the scene on foot, he removed the pistol from his waistband and began raising it toward law enforcement. Thankfully, Williams lost his grip and dropped the weapon. He was subsequently apprehended by a K-9 officer.

Williams also has an established criminal history, including convictions for second-degree burglary, assault and battery of a high and aggravated nature, and carrying or concealing a weapon by an inmate. Further, he committed the instant offense while on supervised release. This resulted in the Court assigning him a criminal history category of V at sentencing.

Williams claims his "conduct while incarcerated demonstrates maturity, rehabilitation, and readiness to reintegrate into society[.]" Williams's Motion at 2. But, his disciplinary records from the BOP indicate he has been sanctioned three times for possessing drugs or alcohol, destroying property, and refusing to obey an order. And, though the Court encourages Williams to engage in any programming offered by the BOP, in doing so, he will have done no more than the Court hopes

of every defendant. *Cf.* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Additionally, Williams's sentence is at the bottom of his Guideline range, and it fails to create any unwarranted disparities among similarly situated defendants. *See Judiciary Sentencing INformation (JSIN)*, U.S. Sentencing Comm'n, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last visited Jan. 26, 2026) (indicating the median sentence imposed on defendants with the same primary Guideline, final offense level, and criminal history category as Williams is 100 months).

Accordingly, upon balancing the Section 3553(a) factors, the Court determines Williams is unentitled to a sentence reduction. Williams's current sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, and reflect the seriousness of his offense, and it is a just punishment in this case. The Court will therefore deny his motion.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Williams's motion for compassionate release, ECF No. 81, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 22nd day of May 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

6